UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
EDUARDO I. ALVARADO, on behalf of himself, individually,
and on behalf of all others similarly-situated,

**COMPLAINT**

Plaintiff,

**Docket No.:** 22-cv-6509

-against-

Jury Trial Demanded

JUAN DE LA CRUZ, individually, d/b/a UNITED
LANDSCAPING PRO,

Defendant.
-------------------------------------------------------------------------X

  EDUARDO I. ALVARADO ("Plaintiff"), on behalf of himself, individually, and on behalf

of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below),

by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint

against JUAN DE LA CRUZ, individually ("Defendant"), who does business as United

Landscaping Pro, alleges upon knowledge as to himself and his own actions and upon information

and belief as to all other matters as follows:

## **NATURE OF THE CASE**

  1.  This is a civil action for damages and other redress based upon willful violations

that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the

New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit.

12, § 142-2.2; (iii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iv) the

minimum wage provisions of the NYLL, NYLL § 652(1); 12 NYCRR § 142-2.1; (v) the NYLL's

requirement that employers pay wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (vii) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendant - - an individual who owns and oversees a Westchester County-based landscaping and handyman services company that does business as United Landscaping Pro - - as an all-purpose manual laborer, from in or around February 2019 to December 6, 2021, except for January 2020 and January 2021, performing his work throughout Westchester County.  As described below, throughout Plaintiff's employment, Defendant failed to pay Plaintiff the overtime and minimum wages required under the FLSA and the NYLL, and further failed to comply with the NYLL's frequency of pay provisions as applicable to manual workers.  Specifically, Defendant routinely required Plaintiff to work, and Plaintiff did work, in excess of forty hours per week, but Defendant failed to pay Plaintiff at the statutorily-required overtime rate for those hours, and instead paid Plaintiff, on a bi-weekly basis, a flat daily rate regardless of the amount of hours that he worked in a day or in a week, and at other times, simply failed to pay Plaintiff at all.  Defendant thus failed to pay Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate for any hours that Plaintiff worked in a week over forty, at times throughout his employment, failed to pay him at least at the statutorily-required minimum wage for all hours worked, and throughout his employment, failed to pay him at least as frequently as on a weekly basis.

3.      Defendant further violated the NYLL by failing to provide Plaintiff with any wage notice at the time of his hire or with any wage statement on each payday, let alone an accurate notice or statement.

4.      Defendant paid and treated all of his non-managerial manual workers in the same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period, who suffered damages as a result of Defendant's violations of the FLSA.  Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

8.      At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9.      At all relevant times herein, Defendant, an individual, was and is the owner of a New York landscaping and handyman services company, which does business as United

3

Landscaping Pro, and which has a principal place of business located at 1214 West Boston Post

Road, PMB 419, Mamaroneck, New York 10543.  In that role, Defendant was responsible for

overseeing all of the day-to-day operations of the business, and was ultimately responsible for all

personnel-related decisions for all of its employees, including, but not limited to, the hiring and

firing of all employees, the setting of employees' hours, rates, and methods of pay, and the

maintenance of all employment records, including those decisions and records with respect to

Plaintiff and FLSA Plaintiffs.

10.     At all relevant times herein, Defendant was an "employer" within the meaning of

the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, Defendant's qualifying

annual business exceeded and exceeds $500,000, and Defendant's business, United Landscaping

Pro, has employed and employs two or more employees, used and uses goods, equipment, and

other gardening materials, such as rakes, shovels, saws, gloves, hand trowels, and clippers, and

other similar materials in the course of Defendant's business, which originates in states other than

New York, and accepts payment in cash that naturally moves across state lines, the combination

of which subjects Defendant's business to the FLSA's overtime and minimum wage requirements

as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime and

minimum wage compensation, as well as liquidated damages, pursuant to the applicable provisions

of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, as well as on behalf of those

in the following collective:

> Current and former non-managerial laborers, who during the
> applicable FLSA limitations period, performed any work for
> Defendant, and who give consent to file a claim to recover unpaid

4

overtime and/or minimum wage compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

12.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours that they worked per workweek in excess of forty; and/or (6) were not paid at least at the statutorily-required minimum rate of pay for all hours worked.

13.     At all relevant times herein, Defendant is and has been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, and at least at the statutorily required minimum rate of pay for all hours worked, yet he purposefully and willfully chose and chooses not to do so.   Specifically, throughout his employment, Plaintiff repeatedly complained to Defendant about Defendant's failure to pay him for his overtime hours worked, and at times any wages at all, in accordance with the law, yet Defendant continued to violate the FLSA by requiring Plaintiff to work over forty hours in a week without paying him overtime or by continuing to fail to pay him his wages at all for certain weeks.

14.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay his employees overtime compensation for all hours worked per workweek above forty, or at least at the minimum wage for all hours worked, in violation of the FLSA.

## BACKGROUND FACTS

15.     Defendant owns and oversees on a daily basis a Westchester County-based landscaping and handyman services company, located at 1214 West Boston Post Road, Mamaroneck, New York, which does business as United Landscaping Pro.

16.     In that role, Defendant is responsible for all matters with respect to hiring, firing, and disciplining employees, distributing work duties, determining all employees' rates and methods of pay and hours worked, as well as for maintaining employment records, including all of those matters with respect to Plaintiff.

17.     Plaintiff worked for Defendant as an all-purpose laborer from in or around February 2019 to the end of December 2020, from in or around February 2020 to the end of December 2020, and from in or around February 2021 to December 6, 2021.  In that role, Plaintiff performed a variety of landscaping and handyman tasks, including, but not limited to, cutting trees, installing plants and trees, removing weeds, cutting grass, garden repairs and maintenance, painting, and repairing broken doors.  Well more than twenty-five percent, and indeed, virtually one hundred percent of Plaintiff's work, was spent completing manually laborious tasks such as those just described.

18.     Throughout his employment, Defendant required Plaintiff to work, and Plaintiff did generally work, six days per week, Monday through Saturday, with Sundays off, without a scheduled or uninterrupted break, from 7:30 a.m. to 5:30 p.m., for a total of sixty hours per week.

19.     For this work, throughout the entirety of Plaintiff's employment, Defendant agreed to pay Plaintiff a flat daily rate of $183.00, regardless of how many hours Plaintiff worked in a day or in a week.

20.     Though Defendant set the regularly scheduled payday as every Tuesday at the outset of Plaintiff's employment, in practice, Defendant paid Plaintiff every-other Tuesday for the prior two weeks of work.  Moreover, while Defendant never paid Plaintiff more frequently than bi-weekly, on many instances, Defendant missed payday entirely and failed to pay Plaintiff any wages at all for those prior two weeks of work, or at any time thereafter.

21.     By way of example only, for the week of October 10 through October 16, 2021, Defendant required Plaintiff to work, and Plaintiff did work, the following schedule:

Sunday, October 10, 2021: off;

Monday, October 11, 2021: 7:30 a.m. until 5:30 p.m.;

Tuesday, October 12, 2021: 7:30 a.m. until 5:30 p.m.;

Wednesday, October 13, 2021: 7:30 a.m. until 5:30 p.m.;

Thursday, October 14, 2021: 7:30 a.m. until 5:30 p.m.;

Friday, October 15, 2021: 7:30 a.m. until 5:30 p.m.;

Saturday, October 16, 2021: 7:30 a.m. until 5:30 p.m.

Accordingly, Plaintiff worked a total of sixty hours during this week.  In exchange for his work, Defendant paid Plaintiff weekly, at his flat daily rate of $183.00 for all six days of work, for a total of $1,098.00.  Thus, Defendant failed to pay Plaintiff at the rate of one and one-half times his regular rate of pay for any of the twenty hours that he worked in excess of forty this week.

22.     By way of second example only, for the week of November 14 through November 20, 2021, Defendant required Plaintiff to work, and Plaintiff did work, the following schedule:

Sunday, November 14, 2021: off;

Monday, November 15, 2021: 7:30 a.m. until 5:30 p.m.;

Tuesday, November 16, 2021: 7:30 a.m. until 5:30 p.m.;

Wednesday, November 17, 2021: 7:30 a.m. until 5:30 p.m.;

Thursday, November 18, 2021: 7:30 a.m. until 5:30 p.m.;

Friday, November 19, 2021: 7:30 a.m. until 5:30 p.m.;

Saturday, November 20, 2021: 7:30 a.m. until 5:30 p.m.

Accordingly, Plaintiff worked a total of sixty hours during this week. In exchange for his work this week, on the regularly-scheduled bi-weekly payday of Tuesday, October 19, 2021, Defendant paid Plaintiff at his flat daily rate of $183.00 for all six days of work, for a total of $1,098.00. Thus, Defendant failed to pay Plaintiff at the rate of one and one-half times his regular rate of pay for any of the twenty hours that he worked in excess of forty this week.

23. Defendant failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that that accurately contained, *inter alia*, Plaintiff's regular and overtime rates of pay.

24. When Defendant paid Plaintiff, it was entirely in cash and occasionally by check.

25. On each occasion when Defendant paid Plaintiff, or was supposed to pay Plaintiff, Defendant failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked for that week or his regular and overtime rates of pay for every hour that he worked.

26. Defendant treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

27. Defendant acted in the manner described herein to maximize profits and minimize labor costs and overhead.

28. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendant's benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the FLSA*

29.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

31.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

32.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

33.     Defendant willfully violated the FLSA.

34.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

35.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the NYLL and the NYCRR*

36.     Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

38.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

39.     As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

40.     Plaintiff and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

41.     Plaintiff and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Minimum Wages under the FLSA*

42.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

44.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

45.     As also described above, Defendant failed to compensate Plaintiff and FLSA

Plaintiffs at the minimum hourly rate that the FLSA requires for all hours worked.

46.     Defendant willfully violated the FLSA.

47.     At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay

that the FLSA requires for all hours worked.

48.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys'

fees for Defendant's violations of the FLSA's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Minimum Wages under the NYLL and the NYCRR*

49.     Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-

allege each and every allegation set forth above with the same force and effect as if more fully set

forth herein.

50.     NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers

must pay to their employees for each hour worked.

51.     As described above, Defendant is an employer within the meaning of the NYLL

and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees

within the meaning of the NYLL and the NYCRR.

52.     As also described above, Defendant failed to compensate Plaintiff and any FLSA

Plaintiff who opts-in to this action, at the minimum hourly rate the NYLL and the NYCRR require

for all hours worked.

53.     At the least, Plaintiff and any FLSA Plaintiff who opts-in to this action, are entitled

to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

54.     Plaintiff and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's minimum wage provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay Timely Wages in Violation of the NYLL*

55.     Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     NYLL § 191(1)(a) requires that employers pay their "manual worker" employees all wages owed on at least as frequently as a weekly basis.

57.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are "manual workers" within the meaning of the NYLL.

58.     As also described above, Defendant failed to compensate Plaintiff and any FLSA Plaintiff who opts-in to this action, with all wages owed on at least as frequently as a weekly basis.

59.     Plaintiff and any FLSA Plaintiff who opts-in to this action, are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendant's violations of the NYLL's requirement to pay all wages to manual worker employees on at least as frequently as a weekly basis.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

60.     Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

62.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

63.     As also described above, Defendant, at the time of hire, failed to provide Plaintiff and any FLSA Plaintiff who opts-in to this action, with any wage notice, let alone one that accurately contained all of the criteria that the NYLL requires.

64.     Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

65.     Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     NYLL § 195(3) requires that employers provide employees with a wage statement on each payday containing accurate, specifically enumerated criteria.

67.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

68.     As also described above, Defendant, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action, with any wage statement, let alone one that accurately contained all of the criteria that the NYLL requires.

69.     Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff and any FLSA

Plaintiff who opts-in to this action, in the amount of $250.00 for each workday after the violation

initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

70.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs

demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendant as

follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in

willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendant and his agents,

successors, employees, representatives, and any and all persons acting in concert with them, from

engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendant from any retaliation against Plaintiff and/or FLSA

Plaintiffs for participation in any form of this litigation;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and

FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and

tolling of the statute of limitations;

e.     Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result

of Defendant's conduct, including all unpaid wages and any short fall between wages paid and

14

those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendant's

unlawful payment practices;

f.      Granting liquidated damages and any other statutory penalties as recoverable under

the FLSA and the NYLL;

g.      Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as

their costs and disbursements incurred in connection with this action, including expert witness fees

and other costs, and an award of a service payment to Plaintiff;

h.      Designation of Plaintiff and his counsel as collective action representatives under

the FLSA;

i.      Pre-judgment and post-judgment interest, as provided by law; and

j.      Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds

necessary and proper.

Dated:  Garden City, New York
        August 1, 2022

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        910 Franklin Avenue, Suite 200
                                        Garden City, New York 11530
                                        Tel.    (516) 248-5550
                                        Fax.    (516) 248-6027

                        By:     _____
                                        DANIELLE PETRETTA (DP 5566328)
                                        ALEXANDER T. COLEMAN (AC 1717)
                                        MICHAEL J. BORRELLI (MB 8533)